# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MYCROFT AI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00662 |
| | ) |
| | ) Jury Trial Demanded |
| | ) |
| | ) Related Federal Case: *Voice Tech v.* |
| | ) *Corporation v. Mycroft AI, Inc.,* Western |
| | ) District of Missouri, Case No. 4:20-cv- |
| | ) 00111-RK |
| VOICE TECH CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## VOICE TECH CORPORATION'S NOTICE OF REMOVAL

TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Voice Tech Corporation ("Voice Tech"), by and through its undersigned counsel of record and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1338, 1441 and 1446, hereby removes to this Court the state court action originally commenced in the Circuit Court of Jackson County, Missouri styled *Mycroft AI Inc. v. Voice Tech Corporation,* Case No. 2016-CV14194 ("State Court Case"). Voice Tech removes this case on grounds of federal question and diversity jurisdiction (each of which independently support this Court's jurisdiction) and, in the alternative, on the basis of supplemental jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being served upon all other parties and is also attached to the Notice of Removal of Action to Federal Court being filed with the Clerk of the Circuit Court of Jackson County, Missouri.

In support of removal, Voice Tech states the following:

1. Plaintiff Mycroft AI Inc. ("Mycroft") filed the State Court Case in the Circuit Court of Jackson County, Missouri, on July 1, 2020. As required under § 1446(a), copies of all process, pleadings and orders served on Voice Tech are attached as Exhibit 1.

2. On February 18, 2020, well before the filing of the State Court Case, Voice Tech filed suit against Mycroft before this Court for patent infringement in the action styled *Voice Tech Corporation v. Mycroft AI Inc.*, Case No. 4:20-cv-00111-RK ("Federal Case"). The Federal Case is a patent infringement lawsuit based on Mycroft's infringement of U.S. Patent Nos. 9,794,348 ("the '348 patent") and 10,491,679 ("the '679 patent").

3. In the subsequent State Court Case, Mycroft purports to assert a claim against Voice Tech under Mo. Rev. Stat. § 416.654 for bad faith assertion of patent infringement. *See* Pet. ¶¶ 11-12, included with Exhibit 1.

4. As more fully set forth below, the State Court Case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Voice Tech has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), regarding federal question jurisdiction; and alternatively pursuant to 28 U.S.C. § 1332, regarding diversity of citizenship; as well as, alternatively, 28 U.S.C. § 1367 regarding supplemental jurisdiction.

5. The undersigned counsel is authorized by Voice Tech to file this Notice of Removal and is a member of the Bar of this Court.

6. Pursuant to the rules of this Court, Voice Tech submits herewith a filing fee of $400.00.

## PROCEDURAL STATEMENT

7. As reflected by Exhibit 1, on or around July 17, 2020, Mycroft, through the Texas Secretary of State's office, attempted to serve Voice Tech, via Certified Mail, a copy of Mycroft's Summons and Petition. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

8. This removal does not require consent of any other defendant as no other defendant has been identified or served. *See* 28 U.S.C. § 1446(b)(2)(A).

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Petition, including exhibits thereto, are attached hereto as Exhibit 1. Voice Tech has not yet answered or filed a response to the Petition, nor has any such responsive pleading yet come due.

10. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Missouri, Western Division, is proper because the district and division embrace the Circuit Court of Jackson County, where this action is currently pending.

11. Pursuant to 28 U.S.C. § 1446(d), Voice Tech will promptly file a copy of this Notice of Removal in the Circuit Court of Jackson County and give written notice of the removal to Mycroft.

## FEDERAL JURISDICTION BASED ON FEDERAL QUESTION

12. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Mycroft's claim under Mo. Rev. Stat. § 416.654 for bad faith assertion of patent

3
Case 4:20-cv-00662-RK   Document 1   Filed 08/17/20   Page 3 of 10

infringement raises a substantial question of federal patent law. *See Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3 (Fed. Cir. 2018) (holding that "state law claims premised on allegedly false statements about patents raise[] a substantial question of federal patent law."); *Energy Bank Inc. v. Orion Energy Sys. Inc.*, 17-C-1237, 2017 WL 10507198, at *1 (E.D. Wis. Dec. 4, 2017) (citing *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (finding that plaintiff's claim that patentee violated practices of the Vermont Consumer Protection Act implicated a question of federal patent law).

13. Here, Mycroft specifically questions the veracity of Voice Tech's federal patent infringement claims:

> [Mycroft] is being forced to defend against the allegations of Voice Tech Corp. in the Missouri federal court system . . . believing that Voice Tech Corp. has no valid cause of action against [Mycroft] in this matter, in that Voice Tech. Corp. has failed to allege or show any direct infringement or any induced infringement or any specific intent to encourage infringement by a third party in regard to Voice Tech Corp.'s patent products.

Pet. ¶ 9.

14. Moreover, the nature of the claim asserted by Mycroft necessarily raises substantial question of federal patent law that are material – indeed, central – to the resolution of its suit.

15. As Mycroft's claim raises under federal law, this Court has original jurisdiction over it. *See* 28 U.S.C. § 1441(c).[1]

---

[1] While Voice Tech has not responded to the Petition yet, Voice Tech believes Mycroft's claim under Mo. Rev. Stat. §416.654 is invalid or preempted as applied in this case by federal patent law, including Title 35 of the U.S. Code. Thus, Voice Tech believes federal question jurisdiction would also exist for this independent reason after it filed its answer. *Id.* at *4 ("[A]llowing a state court to decide the preemption question risks inconsistent judgments between state and federal courts and threatens uniformity in patent law."); *see also* 28. U.S.C. § 1454 ("A civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending." (emphasis added)).

## FEDERAL JURISDICTION BASED ON DIVERSITY

16. Alternatively, this Court also independently has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17. Mycroft is a Delaware corporation authorized to do business as a Foreign For-Profit Corporation registered in good standing in the State of Missouri. Pet. ¶ 1.

18. Voice Tech is a Texas corporation with an address at 1431 Hawthorne Avenue, Tyler, Texas 75702.

19. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Mycroft is a citizen of Delaware and Missouri, including at the time this action was commenced and at the time of removal. Voice Tech is not a citizen of Missouri, nor a citizen of Delaware.

20. Therefore, complete diversity exists between Mycroft and Voice Tech. 28 U.S.C. § 1332(a)(1).

21. Additionally, the amount in controversy in the State Court Case exceeds $75,000, exclusive of interest and costs.

22. To satisfy the amount in controversy requirement, the "removing party need not prove that 'the damages *are* greater than the requisite amount,' but that 'the claims … could, this is *might*, legally satisfy the amount in controversy requirement." *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832, 2016 WL 407301, *1 (W.D. Mo. February 2, 2016) (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (second emphasis added).

23. In addition to compensatory damages, punitive damages and attorney fees authorized by a state statute are counted towards the amount in controversy. *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Jarrett*, 2016 WL 407301, *1.

24. "[I]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Solna, Inc. v. Am. Printing Equip., Inc.*, 89-0715-CV-W-5, 1989 WL 325976, at *3 (W.D. Mo. Sept. 20, 1989) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).

25. The object of Mycroft's claim in state Court is to seek an injunction to prohibit Voice Tech from continuing the Federal Case. *Id.*

26. This would effectively result in a free license to Voice Tech's patented technology by shutting down Voice Tech's legitimate effort to seek damages and stop Mycroft's infringing activity.

27. In particular, as set forth in the Asafi Declaration, attached hereto as <u>Exhibit 2</u>, the injunctive relief Mycroft seeks, in essence, would enable Mycroft to continue to use Voice Tech's patented technology for free, without paying the more than $679,440 it owes in back-license fees, and the additional royalty payments Mycroft would owe Voice Tech for future use. *See* <u>Exhibit 2</u>, Asafi Declaration ¶¶ 5-6.

28. Mycroft also requests a monetary award to compensate it for its "actual loss" or an award of $10,000 in statutory damages for "each violation" of Mo. Rev. Stat. § 416.654,[2] as well as recovery of its attorneys' fees, which alone might well exceed $75,000 for this patent-based action).[3] *See* Pet. pp. 3.

---

[2] Mycroft does not specify how many statutory violations it believes Voice Tech has purportedly made, but its prayer invokes Mo. Rev. Stat. § 416.654, which authorizes a minimum recovery of $10,000 per violation or the plaintiff's actual loss, "whichever is greater." Mo. Rev. Stat. § 416.654.2.

[3] As Chief Justice Roberts has noted:

> [P]atent litigation is particularly complex, and particularly costly. As one treatise noted, "[t]he median patent case that goes to trial costs each side $1.5 million in legal fees" alone. One study found that the cost of litigation in this specific context—a generic challenging a brand name pharmaceutical patent—was about $10 million per suit.

29. While Voice Tech disputes Mycroft's claims and disputes that it is entitled to any recovery at all, for purposes of evaluating the amount in controversy: if Mycroft is successful, an award of injunctive relief, statutory damages, and attorneys' fees could easily – and certainly "might" – exceed the $75,000 threshold. Indeed, each component of the relief prayed for by Mycroft independently satisfies this jurisdictional requirement.

30. As a result, the amount in controversy exceeds the minimum $75,000 threshold.

## FEDERAL SUPPLEMENTAL JURISDICTION

31. While Voice Tech believes federal jurisdiction is proper based on federal question and diversity jurisdiction, to the extent the Court holds otherwise, Voice Tech requests that the Court treat Mycroft's claim as a compulsory counterclaim to Voice Tech's claims in the Federal Case and exercise supplemental jurisdiction over Mycroft's state law claim under 28 U.S.C. § 1367. *See Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990) ("Ancillary jurisdiction in federal court, which the compulsory counterclaim rule calls into play when the claim asserted by the defendant has no independent federal jurisdictional basis, provides for the 'practical needs' of the 'convenience of litigants' and 'considerations of judicial economy.'").

32. Where there is a logical relationship between a federal claim and a state court claim, the federal court may exercise supplemental jurisdiction over the state court claim. *Id.* at 1195; *see also St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 594 (8th Cir. 2001) (holding that there was supplemental jurisdiction over the state law claims because they should have been alleged as compulsory counterclaims in pre-existing federal suit).

---

(continued…)

*F.T.C. v. Actavis, Inc.*, 570 U.S. 136, 170, 133 S. Ct. 2223, 2243–44, 186 L. Ed. 2d 343 (2013) (Roberts, J. dissenting; internal citations omitted).

33. Mycroft's bad faith patent infringement claim in State Court, which alleges, among other things, that Voice Tech has engaged in bad faith by filing suit in the Federal Case, has a necessary and logical relationship to Voice Tech's claims in the Federal Case, which allege Mycroft has infringed on Voice Tech's patents.

34. Based on the relationship between Mycroft's state law claim for bad faith patent infringement and Voice Tech's federal claims for patent infringement, it would serve considerations of judicial economy and practical needs of the convenience of the litigants for these issues to be resolved in the same forum.

35. For the foregoing reasons, even if the Court finds that there is no other independent basis for federal jurisdiction, Voice Tech respectfully requests the Court exercise supplemental jurisdiction over Mycroft's claim in the State Court Case and treat the claim as a compulsory counterclaim in the pre-existing Federal Case.

## JURY TRIAL DEMAND

36. Pursuant to Federal Rule of Civil Procedure 38, Voice Tech hereby demands a jury trial on all issues so triable.

## CONCLUSION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), regarding federal question jurisdiction; and alternatively pursuant to 28 U.S.C. § 1332, regarding diversity of citizenship; or 28 U.S.C. § 1367 regarding supplemental jurisdiction. As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Voice Tech respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Jackson, Missouri pursuant to 28

U.S.C. §§ 1331, 1332, 1367, 1338, 1441 and 1446, and demands a jury trial on all issues so triable.

DATED:  August 17, 2020

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: */s/ Stacey R. Gilman*
Stacey R. Gilman   (MO Bar #55690)
2600 Grand Boulevard Suite 1200
Kansas City, Missouri 64108
Telephone:   (816) 561-7007
Facsimile:    (816) 561-1888
sgilman@berkowitzoliver.com

*Attorneys for Voice Tech Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2020, the above and foregoing was filed using the Court's CM/ECF system and Notice to Plaintiff will be separately emailed and mailed to the following:

Jean Ann Maneke
Maneke Law Group
2345 Grand Blvd
Suite 1600
Kansas City, Missouri 64108
jmaneke@manekelaw.com

*Attorneys for Mycroft AI Inc. in State Court Case*

Christopher M. DeBacker
Law Office of Mark Brown
7225 Renner Rd. Suite 201
Shawnee, Kansas 66217
Chris@midwestip.com

Hissan Anis
A. Justin Poplin
Lathrop GPM
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, Kansas 66210
Hissan.anis@lathropgpm.com
Justin.poplin@lathropgpm.com

*Attorneys for Mycroft AI Inc. in Related Federal Court Case*

        */s/ Stacey R. Gilman*
        *Attorneys for Voice Tech Corporation*